WILSON, Circuit Judge,
concurring in the result:
Hall was a 15-year-old who made statements during a custodial interrogation that were used to convict him, for which he received a sentence of life imprisonment. Three aspects of this case are initially troubling.
The first is that a juvenile was sentenced to life imprisonment for non-capital crimes. However, because it appears from the record that Hall is eligible for parole under Alabama law after ten years, he is unable to make an effort to avail himself of Graham v. Florida, 560 U.S. -, 130 S.Ct. 2011, 2034, 176 L.Ed.2d 825 (2010) (“The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.”).
Second, Hall was convicted after a third trial, based on evidence that failed to convince two prior juries, which concerned at least one justice on the Alabama Supreme Court. Ex parte Hall, 863 So.2d 1079, 1087-88 (Ala.2003) (Lyons, J., concurring specially) (“I am troubled by the fact that on two prior occasions, two separate juries were unable to find Hall guilty of the same charges, presumably in face of the same confession and the same evidence contradicting Hall’s alibi.”). Yet, as Justice Lyons points out, Hall failed to mount a challenge to the sufficiency of the evidence on direct appeal.
Third, the conflicting evidence presented at the hearing on the motion to suppress could have supported a finding that the “greatest care” was not exercised to insure that Hall’s statements, made in the absence of his father, were voluntary and free from coercive circumstances. The Supreme Court has stated repeatedly that “the greatest care” must be taken to assure that the confession of a juvenile “was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright, or despair.” In re Gault, 387 U.S. 1, 55, 87 S.Ct. 1428, 1458, 18 L.Ed.2d 527 (1967); see also Fare v. Michael C., 442 U.S. 707, 732-33, 99 S.Ct. 2560, 2576, 61 L.Ed.2d 197 (1979) (Powell, J., dissenting). But since the Alabama courts’ finding to the contrary is an adjudication on the merits, is entitled to AEDPA deference, and is not otherwise contrary to or an unreasonable application of the totality of the circumstances standard set forth by the Supreme Court in Fare, I concur in the judgment of the Court.
APPENDIX
*1295 [[Image here]]
*1296 [[Image here]]
*1297 [[Image here]]
*1298 [[Image here]]
*1299 [[Image here]]
*1300 [[Image here]]
*1301 [[Image here]]
*1302 [[Image here]]
*1303 [[Image here]]
*1304 [[Image here]]
*1305 [[Image here]]
*1306 [[Image here]]
*1307 [[Image here]]
*1308 [[Image here]]